**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| JUAN ROSADO, | : | |
| | : | Civil Action No. 02-3199 (JAG) |
| Petitioner, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| ROY L. HENDRICKS, | : | |
| | : | |
| Respondent. | : | |

**APPEARANCES:**

Petitioner pro se
Juan Rosado
#223678
New Jersey State Prison
CN861
Trenton, NJ 08625

Counsel for Respondents
Arthur S. Safir
Deputy Attorney General
Ofc. of New Jersey Att. Gen.
Div. of Crim. Justice
Appellate Section
P.O. Box CN 086
Trenton, NJ 08625

**GREENAWAY, JR.,** District Judge

Petitioner Juan Rosado, a prisoner currently confined at New Jersey State Prison, has submitted a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. The respondent is Warden Roy L. Hendricks.

For the reasons stated herein, the Petition must be dismissed.

### I. BACKGROUND

Petitioner was convicted, pursuant to a jury trial, in the Superior Court of New Jersey, Law Division, Middlesex County of

murder. On December 21, 1989, Petitioner was sentenced to a term of life imprisonment with a 30-year parole disqualifier. (Ra2 at Da5.)

On February 26, 1993, the Superior Court of New Jersey, Appellate Division, affirmed the judgment. (Ra4.) In an Order filed on May 13, 1993, the Supreme Court of New Jersey denied certification. (Ra6.) Petitioner did not petition the Supreme Court of the United States for a writ of certiorari.

Petitioner first filed a motion for post-conviction relief in state court on July 6, 1994. (Ra7, at Da20 to Da60.) The court denied relief in an Order dated September 6, 1995. (Ra7, at Da61.) In an Opinion filed on June 4, 1998, the Appellate Division affirmed. (Ra9.) On November 11, 1999, the Supreme Court of New Jersey denied certification. (Ra11.)

This Petition is dated June 24, 2002, and was received in this Court on July 1, 2002. Respondents have answered asserting that the Petition is time-barred. Petitioner has not filed a reply in support of the Petition. Accordingly, this matter is ripe for disposition.

## II. ANALYSIS

As amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254 now provides, in pertinent part:

> (a) The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an

>application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

The limitation period for a § 2254 habeas petition is set forth in 28 U.S.C. § 2244(d), which provides in pertinent part:

>(1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
>>(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; ...
>
>(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.

Thus, evaluation of the timeliness of a § 2254 petition requires a determination of, first, when the pertinent judgment became "final," and second, the period of time during which an application for state post-conviction relief was "properly filed" and "pending."

A state-court criminal judgment becomes "final" within the meaning of § 2244(d)(1) by the conclusion of direct review or by the expiration of time for seeking such review, including the 90-day period for filing a petition for writ of certiorari in the Supreme Court of the United States. See Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000); Morris v. Horn, 187 F.3d 333, 337 n.1 (3d Cir. 1999); U.S. Sup. Ct. R. 13.

Where a conviction became final prior to April 24, 1996, the effective date of § 2244(d), a state prisoner has a one-year grace period after that effective date to file a § 2254 petition. <u>Burns v. Morton</u>, 134 F.3d 109, 111 (3d Cir. 1998).

An application for state post-conviction relief is considered "pending" within the meaning of § 2244(d)(2), and the limitations period is statutorily tolled from the time it is "properly filed," during the period between a lower state court's decision and the filing of a notice of appeal to a higher court, <u>Carey v. Saffold</u>, 536 U.S. 214 (2002), and through the time in which an appeal could be filed, even if the appeal is never filed, <u>Swartz v. Meyers</u>, 204 F.3d at 420-24. However, "the time during which a state prisoner may file a petition for writ of certiorari in the United States Supreme Court from the denial of his state post-conviction petition does not toll the one year statute of limitations under 28 U.S.C. § 2244(d)(2)." <u>Stokes v. District Attorney of the County of Philadelphia</u>, 247 F.3d 539, 542 (3d Cir.), <u>cert. denied</u>, 122 S.Ct. 364 (2001).

The limitations period of § 2244(d) is also subject to equitable tolling. <u>Fahy v. Horn</u>, 240 F.3d 239, 244 (3d Cir.), <u>cert. denied</u>, 122 S.Ct. 323 (2001); <u>Jones v. Morton</u>, 195 F.3d 153, 159 (3d Cir. 1999); <u>Miller v. New Jersey State Dept. of Corrections</u>, 145 F.3d 616, 618 (3d Cir. 1998). Equitable tolling applies

> only when the principles of equity would make the rigid application of a limitation period unfair. Generally, this will occur when the petitioner has in some extraordinary way been prevented from asserting his or her rights. The petitioner must show that he or she exercised reasonable diligence in investigating and bringing [the] claims. Mere excusable neglect is not sufficient.

Miller, 145 F.3d at 618-19 (citations omitted). Among other things, the Court of Appeals for the Third Circuit has held that equitable tolling may be appropriate "if the plaintiff has timely asserted his rights mistakenly in the wrong forum," i.e., if a petitioner has filed a timely but unexhausted federal habeas petition. Jones, 195 F.3d at 159. See also Duncan v. Walker, 533 U.S. 167, 183 (2001) (Stevens, J., joined by Souter, J., concurring in part) ("neither the Court's narrow holding [that the limitations period is not statutorily tolled during the pendency of a premature federal habeas petition], nor anything in the text or legislative history of AEDPA, precludes a federal court from deeming the limitations period tolled for such a petition as a matter of equity"); 533 U.S. at 192 (Breyer, J., dissenting, joined by Ginsburg, J.) (characterizing Justice Stevens's suggestion as "sound").

Finally, "a pro se prisoner's habeas petition is deemed filed at the moment he delivers it to prison officials for mailing to the district court." Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1999) (citing Houston v. Lack, 487 U.S. 266 (1988)).

Here, Petitioner's conviction became final on August 11, 1993, 90 days after the Supreme Court of New Jersey denied certification. Accordingly, barring statutory or equitable tolling, he had until April 24, 1997, to file his § 2254 habeas petition in federal court.

Petitioner's state-court motion for post-conviction relief was pending, however, when AEDPA became effective. Accordingly, the time for filing a § 2254 habeas petition was tolled until November 10, 1999, when the Supreme Court of New Jersey denied certification. Accordingly, Petitioner had until November 10, 2000, barring additional tolling, to file his § 2254 petition.

This Petition, however, was not filed until, at the earliest, June 24, 2002, more than 18 months after the federal limitations period expired. Petitioner has asserted no facts which would suggest a basis for further statutory or equitable tolling. Thus, the Petition must be dismissed as time-barred.

### III.   CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree

with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003).

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Here, jurists of reason would not find it debatable whether the petition is time-barred. Accordingly, no certificate of appealability will issue.

## V.  CONCLUSION

For the reasons set forth above, the Petition must be dismissed. An appropriate order follows.

                           S/Joseph A. Greenaway, Jr.
                           JOSEPH A. GREENAWAY, JR., U.S.D.J.

Dated:  October 26, 2005